**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

**SIERRA POTTER, individually and on behalf of all others similarly situated,**

**Plaintiff,**

**v.**

**ATX MAFIA, LLC,**

**Defendant.**

**CASE NO.:**

# NOTICE OF REMOVAL

Defendant, ATX MAFIA, LLC (hereinafter "ATX"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§1332, 1441 and 1446(a), removes the above-captioned civil action currently pending in the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida to the United States District Court for the Southern District of Florida, Fort Pierce Division. In support of this Notice of Removal, Defendant states:

## I. BACKGROUND AND PROCEDURAL POSTURE

1. On August 24, 2025, Plaintiff Sierra Potter ("Plaintiff") filed a putative class action Complaint against ATX in the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida, styled Sierra Potter, individually and on behalf of all others similarly situated v. ATX Mafia, LLC, No. 56-2025-CA-001722

("State Court Action"). Plaintiff alleges ATX made Telephonic Sales Calls by text message from a phone number that was not capable of receiving phone calls in violation of the Florida Telephone Solicitation Act, Fla. Stat. §501.059, et seq. ("FTSA"). Compl. ¶¶ 7, 8.

2. Plaintiff has not filed a Motion for Class Certification, but makes Class Representation Allegations in her Complaint, seeking the Court to certify a class consisting of "[a]ll persons and entities that reside in Florida whose caller identification service was transmitted a telephone number that was not capable of receiving telephone calls when Jadelynn Brooke Text Message Sales Calls were made to them since July 1, 2021." Compl. ¶ 25.

3. On or about August 27, 2025, ATX was served with a copy of the Summons and Complaint, which is the initial pleading setting forth the claims for relief upon which removal is based.

4. Removal of this Complaint is timely under 28 U.S.C. §1446(b) because this Notice of Removal was filed within thirty (30) days after ATX was served with the initial pleading on August 27, 2025. Accordingly, removal is timely as it falls within this thirty-day period and does not exceed the one year after commencement of the action as described in 28 U.S.C. § 1446(c)(1).

5. The United States District Court for the Southern District of Florida, Fort Pierce Division, is the district and division within which this action is pending

under 28 U.S.C. §§ 1441(a), 1446(a), and is, therefore, the proper venue for this action. *See also* S.D. Fla. L. R. 3.1.

6. In accordance with 28 U.S.C. §1446(a), ATX is filing legible copies of "all process, pleadings, and orders" that have been docketed in the State Court Action as attachments to this Notice of Removal. See attached as **Exhibit "1"**.

7. Pursuant to 28 U.S.C. § 1446(d), ATX has given written notice to Plaintiff by contemporaneously serving this Notice of Removal on Plaintiff's counsel. ATX is also contemporaneously filing a copy of this Notice of Removal in the State Court Action.

8. As set forth below, this case is properly removed to this Court because this Court has jurisdiction over this action under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332, 1453 ("CAFA").

9. Nothing in this Notice shall constitute a waiver of ATX'S right to assert any defense, including a motion to dismiss, as the case progresses.

## II. GROUNDS FOR REMOVAL UNDER CAFA

10. There is no presumption against removal under CAFA, "which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

11. Based on the Complaint's allegations and the removal exhibits, including Plaintiff's Class Representation Allegations, this Court has subject matter

jurisdiction over this action under CAFA, 28 U.S.C. § 1332(d), as: (i) the putative class consists of at least 100 proposed class members, § 1332(d)(5)(B); (ii) the citizenship of at least one putative class member is different from that of ATX, § 1332(d)(2)(A); and (iii) the aggregate amount placed in controversy by the claims of Plaintiff and the putative class members exceeds $5,000,000, exclusive of interest and costs, § 1332(d)(2). *See S. Fla. Wellness v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014).

**A. The Plaintiff Class Consists of at Least 100 Proposed Class Members.**

12. To qualify for removal under 28 U.S.C. § 1332(d)(2), ATX must first establish Plaintiff's putative class contains 100 or more members. *See* 28 U.S.C. § 1332(d)(5)(B).

13. Plaintiff purports to bring this action on behalf of "[a]ll persons and entities that reside in Florida whose caller identification service was transmitted a telephone number that was not capable of receiving telephone calls when Jadelynn Brooke Text Message Sales Calls were made to them since July 1, 2021." Compl. ¶ 25.

14. Plaintiff alleges that the class size "exceeds 100 members." Compl. ¶ 26. Thus, given Plaintiff's estimation that the number of class members "exceeds

100", the aggregate number of putative class members is at least 100 for purposes of § 1332(d)(5)(B).

**B. The Citizenship of at least one Plaintiff Class Member is different from that of ATX**

15. Minimal diversity of citizenship, as required by CAFA, exists between ATX and Plaintiff and/or the putative class members. *See* 28 U.S.C. § 1332(d)(2)(A) (requiring that "any member of a class of plaintiffs [be] a citizen of a State different from any defendant"). Further, Defendant is not a citizen of the State of Florida, where this action was originally filed. *See* 28 U.S.C. § 1332(d)(4).

16. Plaintiff is and was at all relevant times a Florida resident domiciled in Broward[1] County, Florida. Compl. ¶ 14 ("Plaintiff, Sierra Potter, is the regular user of a cellular telephone number that receives Defendant's telephonic sales calls ("Plaintiff's Cell Phone"), and she resides in Broward County, Florida"); *see* also *Beach Terrace Condo. Ass'n, Inc. v. Goldring Investments, Inc.*, No. 8:15-CV-1117-T-33TBM, 2015 WL 3770401, at *1 (M.D. Fla. June 17, 2015) ("there is a presumption that the state in which a person resides at any given time is also that person's domicile") (internal citations and quotation marks omitted). Therefore, Plaintiff is a Florida citizen for diversity jurisdiction purposes. *See*, e.g., *Huchon v.*

[1] Plaintiff is a resident of St. Lucie County, Florida which is why suit was brought in St. Lucie County, Florida, however, a typo in the Plaintiff's Complaint lists her as residing in Broward County, Florida.

*Jankowski*, No. 06-10094-CIV, 2007 WL 221421, at *2 (S.D. Fla. Jan. 25, 2007) (finding defendant properly alleged plaintiff's citizenship by asserting in notice of removal plaintiff "was and is a Florida resident domiciled in Monroe County, Florida") and *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir 1994) (place of residence is prima facie evidence of domicile for purposes of determining citizenship).

17. ATX is a Texas limited liability company with its principal place of business in the State of Texas. Plaintiff herself admits ATX is a "foreign limited liability company." Compl. ¶ 15 ("Defendant, ATX Mafia, LLC, is a Foreign Limited Liability Company. . . ."); see also *Katz v. J.C. Penney Corp., Inc.*, 09-CV-60067, 2009 WL 1532129, at *2 (S.D. Fla. June 1, 2009) (plaintiff's identification of defendant as a "foreign corporation" sufficient to establish diversity). ATX'S principal place of business and mailing addresses are located at 1705 Hog Hollow Rd., Dripping Springs, TX 78620. Additionally, ATX'S only members, Jill L. Beerman and Robert B. Beerman, are residents of the State of Texas. Thus, ATX is a citizen of the State of Texas. ATX does not maintain a place of business in the State of Florida and is not registered to do business in the State of Florida. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("[A] limited liability company is a citizen of any state of which a member of the company is a citizen.").

18. Because Plaintiff (a Florida citizen) is diverse from ATX (a Texas citizen), the required minimal diversity exists under § 1332(d)(2)(A).

**C. The Aggregate Amount in Controversy Exceeds $5,000,000, Exclusive of Interest and Costs.**

19. Under CAFA, the claims of the individual class members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). Plaintiff's putative class claims meet this jurisdictional threshold.

20. The amount in controversy is "an estimate of how much will be put at issue during the litigation," rather than "a prediction of how much the plaintiffs are ultimately likely to recover." *S. Fla. Wellness*, 745 F.3d at 1315 (internal citations and quotation marks omitted). Defendant's "notice of removal need include only a ***plausible allegation*** that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin*, 574 U.S. at 89 (emphasis added).

21. Plaintiff states that "Plaintiff and the members of the Plaintiff Class are entitled to $500 in liquidated damages against Defendant for each violation" but fails to specify the number of violations. Compl. ¶ 35. It should be noted, the maximum amount per violation is $1,500 because under subsection (10)(b), "[i]f the court finds that the defendant willfully or knowingly violated" the statute, "the court may, in its discretion, increase the amount of the award to an amount equal to not more than

three times the amount available under paragraph (a)," i.e., actual damages or $500.00, whichever is greater. § 501.059(10)(b) (emphasis added).

22. Given the Class definition as framed by Plaintiff, it is also a reasonable extrapolation that each class member would have at least two claims, but potentially more, over the fifty-one (51) month period encompassed by Plaintiff's class. Plaintiff explicitly seeks to represent a putative class of Florida persons that exceeds 100 members defining the putative class as "All persons and entities that reside in Florida whose caller identification service was transmitted a telephone number that was not capable of receiving telephone calls when Jadelynn Brooke Text Message Sales Calls were made to them since July 1, 2021." Compl. ¶ 25 and 26. It should be noted that Plaintiff used the plural form of "Calls" indicating that at a minimum each class member would have received a minimum of two text messages with some potentially receiving numerous more.

23. Additionally, Plaintiff states that ATX "sells various goods to persons throughout the country through its online store", therefore, it is a reasonable extrapolation that ATX would have numerous, potentially thousands, of subscribers to their online store who also reside in the State of Florida since Florida's total population according to the 2020 Census[2] was 21,538,187. Compl. ¶15. It should be noted that the 2020 census provides the total population of Florida from five years

---

[2] https://data.census.gov/profile/Florida?g=040XX00US12

ago and the total population of Florida has undoubtedly increased in the last five years.

24. ATX has determined that Plaintiff received a total of seven text messages and since Plaintiff sues Defendant on behalf of herself and "a class of persons similarly situated," assuming that each person in the class also received approximately seven text messages with a minimum of $500 per violation and the class members consisting of possible thousands of subscribers over the 51 month period between "July 1, 2021" to present, it is reasonably plausible that the aggregate amount in controversy exceeds the $5,000,000 threshold under CAFA. See 28 U.S.C. § 1332(d)(2). Compl. ¶¶ 23 and 25.

25. In sum, as (i) the putative class has greater than 100 members, (ii) there is minimal diversity between the parties, and (iii) the amount in controversy exceeds $5,000,000, this case is properly removed to this Court pursuant to CAFA, 28 U.S.C. §§ 1332(d), 1453.

## III. RESERVATION OF RIGHTS

26. In filing this Notice of Removal, ATX does not waive and expressly reserves any defenses, exceptions, rights, and motions, including any right to compel arbitration. See, e.g., *Kostelac v. Allianz Glob. Corp. & Specialty AG*, 517 F. App'x 670, 675 n.6 (11th Cir. 2013) ("The removal of an action from state to federal court does not waive any Rule 12(b) defenses"); *Vanwechel v. Regions Bank*, 8:17- CV-

738-T-23AAS, 2017 WL 1683665, at *2 (M.D. Fla. May 3, 2017) (filing notice of removal did not waive right to compel arbitration); *Zahm v. OneWest Bank, N.A.*, 8:15-CV-765-T-30TBM, 2015 WL 2095644, at *2 (M.D. Fla. May 5, 2015) (same). No statement or omission in this Notice shall be deemed an admission of any allegations of or damages sought in the Complaint. Similarly, by filing this Notice of Removal, ATX does not agree class certification is appropriate and reserves all defenses and arguments concerning same.

27. ATX further reserves the right to supplement the evidence of the amount in controversary should this Court so require or should Plaintiff contest it. See *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.").

WHEREFORE, Defendant, ATX MAFIA, LLC, respectfully requests that the above-captioned action now pending in the Nineteenth Judicial Circuit in and for St. Lucie County, Florida, be removed to the United States District Court for the Southern District of Florida, Fort Pierce Division, and that said Court assume exclusive jurisdiction of this action and enter such other and further relief as may be necessary.

## CERTIFICATE OF SERVICE

I certify the foregoing document has been furnished to Joshua A. Glickman, Esquire, and Shawn A. Heller, Esquire, Social Justice Law Collective, 974 Howard Avenue, Dunedin, FL 34698, ***(Counsel for Plaintiff)***, at josh@sjlawcollective.com and shawn@sjlawcollective.com on September 26, 2025.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ GASTON AND ZIMET LLP**

*/s/ Daniel S. Liebowitz*______
**DANIEL S. LIEBOWITZ, ESQ.**
Florida Bar No.: 155918
Landmark Center Two
225 E. Robinson Street, Suite 650
Orlando, FL 32801
Telephone: (407) 730-3535
Facsimile: (407) 730-3540
Service: FLCourtFilings@cmlawfirm.com
***Attorneys for Defendant***